OPINION OF THE COURT
Daniel F. Luciano, J.
Ordered that application by the Committee, Gerard Peter *1019 Dunn, for an order releasing a Medicaid lien on property of the incompetent, Josephine Ann Dunn, to enable him to obtain a mortgage loan and to give a mortgage on the incompetent’s, Josephine Ann Dunn, real property is denied.
This is an application by the Committee, Gerard Peter Dunn, for an order permitting him to obtain a mortgage loan and to give a mortgage on the incompetent’s, Josephine Ann Dunn, real property located at 18 Eva Path, Commack, New York.
The incompetent, Josephine Ann Dunn, is currently institutionalized, and purportedly will remain institutionalized. She is the recipient of Medicaid assistance with respect to such institutionalization. As a result there is a Department of Social Services Medicaid lien on the subject property located at 18 Eva Path, Commack, New York.
The Committee, Gerard Peter Dunn, is the son of the incompetent, Josephine Ann Dunn. He is her only child and distributee and is himself certified as permanently and totally disabled. He seeks to obtain a mortgage loan on the subject property to finance improvements on the premises, with a view to the sale of the premises, and to pay for his daily living expenses. In order to obtain the hoped for mortgage loan the Committee, Gerard Peter Dunn, seeks from this court an order releasing the subject property from any Medicaid lien.
In support of his application the Committee, Gerard Peter Dunn, has cited section 366 (c) (3) of the Social Services Law [intending section 366 (5) (c) (3)] and Regulations of the Department of Social Services (18 NYCRR) § 360-4.4.
Pursuant to these provisions, on the alternative grounds that the Committee, Gerard Peter Dunn, is certified as permanently and totally disabled, or that for a period of two years before the incompetent, Josephine Ann Dunn, became institutionalized, he resided with her at the premises thereby permitting her to reside at home rather than an institution or facility, the incompetent, Josephine Ann Dunn, could have transferred the subject property to the Committee, Gerard Peter Dunn, without fair compensation, without losing her Medicaid eligibility.
It thus appears that there is authority pursuant to which the subject property could be transferred to the Committee, Gerard Peter Dunn, from the incompetent, Josephine Ann Dunn, without any adverse consequences relative to her Medicaid eligibility, and that after such transfer the Committee, *1020 Gerard Peter Dunn, as owner could mortgage, otherwise encumber or convey the subject property as he might deem appropriate. The court offers no opinion, however, as to what effect, if any, such conveyance might have with respect to any benefits the Committee, Gerard Peter Dunn, receives.
While the above-described transfer is authorized by statute and regulation, however, the court finds no authority in the cited provisions to release any presently existing Medicaid lien on the subject property while title remains vested in the incompetent, Josephine Ann Dunn.
Accordingly, the court is constrained to deny the instant application.